**Celecia E. DIBBLE, Defendant–Appellant,**

v.

**UNITED STATES of America, Plaintiff–Appellee.**

No. 02–4240.

United States Court of Appeals, Sixth Circuit.

June 25, 2004.

On Appeal from the United States District Court for the Northern District of Ohio.

Gary D. Arbeznik, Asst. U.S. Attorney, U.S. Attorney's Office, Cleveland, OH, for Plaintiff–Appellee.

Laurence A. Turbow, Ann M. McCauley, Valore, Turbow & Davisman, Independence, OH, for Defendant–Appellant.

Before: KENNEDY and GILMAN, Circuit Judges; and SHADUR, District Judge.*

PER CURIAM.

Defendant Celecia E. Dibble appeals her conviction, after a jury trial, for perjury in

* The Honorable Milton I. Shadur, United States District Judge for the Northern District of Illinois, sitting by designation.

violation of 18 U.S.C. § 1623 for denying in a civil deposition that she had altered a copy of her medical records submitted to the defense counsel. Her entire appeal is premised on a claim of ineffective assistance of counsel at trial.

As a general matter, a defendant cannot raise a claim of ineffective assistance of counsel on direct appeal. This is done to avoid deciding serious constitutional questions in the absence of a fully-developed factual record on the merits of the allegations. The usual course is to permit a defendant to raise her ineffective assistance of counsel claim in a post-conviction proceeding pursuant to 28 U.S.C. § 2255. *Massaro v. United States,* 538 U.S. 500, 504–05, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003) (holding that failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought as a § 2255 claim). We are urged, however, by both parties to decide this matter at this juncture. As this Court had stated earlier, "when ... the record is adequate to assess the merits of the defendant's allegations, some courts will consider them." *United States v. Wunder,* 919 F.2d 34, 37 (6th Cir.1990). Having had the benefit of full briefing and oral arguments by both parties, we conclude that the record is adequate in this case and that Defendant has failed to establish that her trial counsel rendered ineffective assistance.

The Supreme Court set forth the following two-prong standard for establishing ineffective assistance of counsel:

... First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). As explained below, we find that Defendant has failed to establish the second, prejudice, prong of the *Strickland* test. Accordingly, we find it unnecessary to decide whether she established the first, deficient performance, prong. Defendant presents a number of instances of alleged ineffective assistance of counsel and we address them below.

■ First, Defendant alleges that her trial counsel erred by failing to file a motion to suppress (or, in the alternative, a motion in limine or a motion under Federal Rule of Evidence 404 to include the admissibility of) an affidavit prepared by Defendant's first attorney and sworn to by Plaintiff in a civil action instituted by the EEOC against the sheriff and the county. However, as the government correctly points out, there is absolutely no legal rule of evidence under which the motion would have been successful. Defendant's prior sworn statement was admissible as an admission of a party opponent under Federal Rule of Evidence 801(d)(2). It was, furthermore, highly relevant to Defendant's guilt.

■ Second, Defendant alleges that her trial counsel erred by failing to impeach and/or cross-examine two prosecution witnesses who testified that they witnessed her cutting and pasting medical records while at work. However, Defendant herself testified at trial that she had in fact had been cutting and pasting medical records while at work.

■ Third, Defendant points out that her trial counsel told the judge that it was his usual practice not to interview witnesses. She has failed, however, to identify how she was prejudiced by that failure.

■ Fourth, Defendant challenges her trial counsel's failure to call character witness Jerry Sipan. However, not only does Defendant concede that the trial court could have declared that testimony to be cumulative, but she also does not identify any prejudice that she suffered as a result of this omission.

■ Lastly, Defendant challenges her trial counsel's admitted failure to review the jury instructions. Since Defendant has not pointed out any deficiency in those instructions, we find that she failed to establish prejudice as a result of this failure.

There being no other arguments for reversing a jury verdict, we **AFFIRM**.